Judge Owsley
delivered the Opinion of the Court.
To obtain dower in a tract of about one hundred acres of land, and to recover damages for the detention of the same, Betty Honey exhibited her bill in equity, against Joseph Kendall, to *283 "whom she alleges the land was conveyed by her deceased husband, John Honey, during her coverture, and under which conveyance, she states, the said Kendall has held the possession ever since.
Defence, that the husband had held only in trust for defendant.
Decree of the circuit pourt for dower, and damages for the detention of dower from the time of the demand.
Decree ordering the assignment of dower, approved.
Widow was not entitled to damages for the detention of her dower by the common law.
Kendall admits the conveyance of the land to him by the deceased husband óf the complainant, but alleges that the land was never held by the husband for his own use and benefit, but in trust for him, the said Kendall, and he therefore insists that the complainant is not entitled to dower in the land.
The court below, was of opinion that the complainant was entitled to dower, and caused the same to be assigned to her by commissioners appointed for that purpose, and moreover decreed that Kendall should pay rent, by way of damages for the detention of dower, from the lime it was demanded by the complainant.
To reverse that decree, this writ, of error is prosecuted by Kendall.
The court was unquestionably correct in decreeing dower in the land to the complainant. She is admitted to have been the wife of John, Honey when Kendall obtained the ^conveyance of the land from him, and though her husband is alleged to, have held the land in trust only, there is no evidence in the cause conducing to show that he was not beneficially seized thereof to his own use. As the lawful wife of Kendall’s vendor, therefore, the complainant has an undoubted right to dower in the land, and the court was consequently correct in, de-> creeing an assignment thereof to her.
But vve are not of opinion that the court was correct in decreing compensation to her for- the detention of her dower. If the husband had died seized of the land, we should have had no difficulty in sustaining the decree for compensation, as well as that for dower. The right of the complainant to be compensated for the detention of her dower, could not, however, in such a case, be maintained, upon common law principles.
Statute of jVIevlon, 20 H. 3, c. I, reenacted here, gave damages for the detention of dower, recovered by the writ unde nihil habel, in lands of which the husband died seised.
JJquity inlike case? allows the damages,
But damages are not recoverable in either equity ■or at law, for the detention of dower in lands aliened by the husband in his lifetime.
It was not until tlie Parliament of England passed the statute of Merton, 20 H. 3 ch. 1. that damages were recoverable in any proceedings by widows to recover dower in the lands of their deceased husbands. But by that statute, which has been in substance re-enacted by the Legislature of this country, (1 Dig. L. K. 444) damages are made recoverable by a widow, in ah action for dower in the land of which the husband died seized. It is true, that according to the literal import of the statute, it would seem that damages are recoverable only in writs of dower wide nihil habet brought for land of which the husband died seized.
But it requires no great liberality of construction to bring suits in equity within the influence of the statute. One great object with the makers of the statute, avus to enable widtnvs to recover an adequate compensation for the detention of their doAver, in the lands of which their husbands died' seized, and although suits in chancery are not expressly named, yet as courts of equity now possess an acknowledged jurisdiction in cases of dower, it surely cannot be an improper exercise of that jurisdiction, to folloAV the directions of the statute, and decree damages, ychere damages is recoverable in a writ of unde nihil habet. If, therefore, the husband of the complainant had died seized of the land, in which she has in this case shewed herself to be entitled to dower, we should have no hesitation in saying, that the court aviis correct in decreeing to her compensation for the detention of her doAver.
But it is hot pretended that the husband of the complainant, was, at the time of his death seized of the land. He had sold and conveyed the land to Kendall, by Avhom it has ever since been possessed. Was it then, correct in a suit brought to recover dower in lands thus sold and conveyed by the husband in his lifetime, to decree compensation to the complainant for the detention of her dower? This question has an ansAArer in thé statute to vvhich we have already referred. We have seen that at common law no damages were recoverable for the detention of dower, and the only change in the common latv *285 Which has been made by the statute, is to allow damages to be recovered for withholding from widows dower, in lands of which their husbands died seized. Such is the construction which has been put upon the statute of England, by all jurists and commentators who have written upon the subject, and such we understand to be the unambiguous import of the statute, as re-enacted by the Legislature of this country. Co. Litt. 32; Dyer, 284. Bac. ab. title Dower, J.; 2 John. R. 119.
Talbott, for plaintiff; T. A. Marshall for defendant.
The decree, so far as relates to the complainant’s tight of dower, must therefore be affirmed, but as respects the pecuniary compensation, which Kendall was directed to pay, the decree must be reversed.
Kendall must recover cost in this court.